FOR THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER SMITH<br><br>Defendant. | 3:17 CR 182-MOC<br><br>**MOTION TO MODIFY CONDITIONS OF RELEASE PURSUANT TO 18 U.S.C. § 3145(a)(2)** |

ALEXANDER SMITH, ("Mr. Smith") by and through his counsel of record, Kevin A. Tate, hereby moves to modify the conditions of release ordered by the U.S. District Court for the Western District of North Carolina on July 5, 2017 pursuant to 18 U.S.C. § 3145(a). Dkt. # 11.

## FACTUAL BACKGROUND

Mr. Smith has been under the supervision of the U.S. Probation Office for more than 6 months. During this time, he has been on home detention with location monitoring. The Order Setting Condition of Release ("Order") by the U.S. District Court for the Western District of North Carolina confines Mr. Smith to his residence at all times except for employment, mental health treatment, court appearances, and meeting with counsel. The Order also requires Mr. Smith to submit to randomized substance testing and wear a GPS monitoring device attached to his ankle.

Mr. Smith is appreciative for the opportunity for pre-trial release and has complied with all of the many restrictions that the court imposed.[1] However, the past 6 months has shown that

---

[1] Counsel has confirmed Mr. Smith's full compliance with his pretrial services officer, Sherain Teal

1

the stringent conditions of Mr. Smith's release are beyond what is reasonably necessary to ensure his presence at trial, and such prolonged conditions could amount to punishment in degradation of the Bail Reform Act. Thus, he requests that the Court amend his conditions as detailed below.

## MEMORANDUM OF LAW

A defendant granted release on bond may seek a modification of the terms of release "with the court having original jurisdiction over the offense." 18 U.S.C. § 3145(a)(2). Upon such motion, the court is charged with determining *de novo* whether the conditions imposed are necessary to ensure the defendant's appearance in court, the safety of the community, or the integrity of the prosecution, depending on which reason was found to require the imposition of conditions. See, e.g., *U.S. v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). The relevant inquiry here is whether the conditions imposed by the court are still "the least restrictive" to reasonably assure Mr. Smith's presence at trial and the safety of the community. 18 U.S.C. § 3142(c)(1)(B); *see also U.S. v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). "The motion shall be determined promptly." *Id*. § 3145(b).

### A. Mr. Smith requests that his GPS tracking device with home detention be removed

The Order granting bond requires that Mr. Smith wear a GPS monitoring device on his ankle and to be confined to his home except for very limited reasons of employment, mental health treatment, court appearances, and meeting with counsel. This condition has impacted Mr. Smith's ability to seek and secure necessary employment opportunities to support the household of 5 that he is responsible for. The detrimental effects of requiring Mr. Smith to wear the GPS monitoring device far outweigh the concerns about his whereabouts. The release Order instructs Mr. Smith to avoid contact with potential witnesses in case. The GPS monitoring device with

restrictive home detention is not necessary to ensure Mr. Smith's presence at trial or to safeguard the interests of the community; therefore those conditions should be removed.

**CONCLUSION**

For the reasons stated above, Mr. Smith requests that the condition requiring electronic monitoring with home detention be discontinued. The pretrial services office has been consulted and does not oppose this motion.

Dated: January 25, 2018

                                                S/ Kevin A. Tate_____
Kevin A. Tate
NC Bar # 38548
Counsel for ALEXANDER SMITH
129 West Trade Street, Suite # 300
Charlotte, North Carolina 28202
(704) 374-0720
Fax: (704) 374-0722
Kevin_Tate @ fd.org

CERTIFICATE OF SERVICE

This is to certify that on January 25, 2018, a copy of the **MOTION TO MODIFY CONDITIONS OF RELEASE PURSUANT TO 18 U.S.C. § 3145(a)(2)** was served electronically on Assistant United States Attorney Casey Arrowood at electronic address casey.arrowood2@ usdoj.gov and all other counsel of record.

    S/ Kevin A. Tate_____
    Kevin A. Tate
    Assistant Federal Defender
    129 West Trade Street, Suite # 300
    Charlotte, North Carolina 28202
    (704) 374-0720
    Fax: (704) 374-0722
    Kevin_Tate @ fd.org