IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ALEXANDER SAMUEL SMITH,

    Defendant.

3:17-CR-00182-MOC-DSC-1

**REPLY IN SUPPORT MOTION TO COMPEL DISCOVERY PURSUANT TO
FED. R. CRIM. P 16 (A), (B) and (E) AND 18 U.S.C. APP. III (CIPA) SECTION 4**

Alexander Samuel Smith, ("Mr. Smith") by and through his counsels of record, Federal Public Defender Anthony Martinez, and Kevin A. Tate, Senior Litigation Counsel, responds to the Government's Opposition to his Motion to Compel Discovery. Mr. Smith requests the opportunity for a pretrial hearing under CIPA Section 2 and the opportunity to file an ex parte affidavit regarding the defense strategy.

    1.    The government appears to concede Mr. Smith's right to a pretrial conference and, at a minimum, the opportunity to submit an ex parte motion outlining the defense strategy to inform the Court's decisions regarding classified information. These rights arise from Fed. R. Crim. P. 16, 18 U.S.C. App. III (CIPA) Section 4, and the Fifth and Sixth Amendments to the U.S. Constitution. As for the Court's March 26, 2018 order, the government conclusorily argues that the Court is "well-equipped" to decide to seal the information and that there is no basis to revisit the Order. The government relies on the fact that this case "involves a single defendant charged with two counts of violating a single statute involving particular statements made on a specific date." Response, ECF No. 36, at 6. However, the government does not know the defense strategy

1

and is not in any kind of position to speculate. The number of defendants, statutes, or statements involved makes no difference. Rather, it is the defendant and defense counsel "who are in the best position to know whether information would be helpful to their defense." *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006). Mr. Smith merely seeks the opportunity to inform the Court, before it withholds discovery from the defense, of what information may be relevant or useful.

2. In any event, the government states explicitly that it anticipates make a further CIPA Section 4 filing and that it does not object to the defense submitting an ex parte affidavit describing its defense strategy in relation to that filing. *See* Response, ECF NO. 36, at 6. Thus, the government does not oppose allowing Mr. Smith to file an affidavit with the court, generally speaking—but it asks that the Court close its ears and eyes and only consider the affidavit with respect to the discovery in the second CIPA filing, not in the first filing. All Mr. Smith asks for is that the Court consider his affidavit in relation to *all* of the discovery the government has submitted to the Court, not just selective portions of it.

3. The government claims that it has already complied with Rule 16 and *Brady/Giglio*, yet it states that discovery is "ongoing" and that it plans to file another CIPA Section 4 motion. ECF No. 36, at 6. This is an inherent contradiction; the government's assurances that it "will continue to comply," *id.*, simply mean that it has not yet fully complied with its discovery obligations.

4. As an example, the government has provided some translations of the recordings it turned over to the defense, but those translations are not complete. Mr. Smith hereby requests full translations of all of the recordings turned over in discovery.

2

Case 3:17-cr-00182-MOC-DSC   Document 37   Filed 07/05/18   Page 2 of 4

**WHEREFORE**, Alexander Smith respectfully requests that this Honorable Court grant his Motion to Compel Discovery, and at a later point proceed *ex parte* in terms of how the sought information forms the basis of a defense(s) for Mr. Smith.

                                Respectfully submitted:

                                ANTHONY MARTINEZ
                                Federal Public Defender

By:    s/Kevin A. Tate_____
          Kevin A. Tate
          Senior Litigation Counsel
          Federal Public Defender Western District of
          North Carolina
          129 West Trade Street, Suite #300
          Charlotte, North Carolina 28202
          704) 374-0720
          FAX: (704) 374-0722
          Kevin_Tate@fd.org

          Caryn Devins
          Research & Writing Attorney
          Federal Public Defender
          Western District of North Carolina
          129 West Trade Street, Suite #300
          Charlotte, North Carolina 28202
          704) 374-0720
          FAX: (704) 374-0722
          Caryn_Devins@fd.org

          ***Counsels for Alexander Samuel Smith***

# CERTIFICATE OF SERVICE

I, Kevin A. Tate, hereby certify that on this date, the foregoing motion was duly served upon Casey T. Arrowood, by electronic mailing a copy thereof to his electronic email address on file with the Court.

    Casey T. Arrowood
    U.S. Attorney's Office
    227 West Trade Street, Suite 1650
    Charlotte, NC 28202
    Phone: 704-344-6222
    Email: casey.arrowood2@usdoj.gov

/s Kevin A. Tate
Kevin A. Tate
Senior Litigation Counsel
Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite #300
Charlotte, North Carolina 28202
(704) 374-0720
FAX: (704) 374-0722
Kevin_Tate@fd.org

*Counsel for Alexander Samuel Smith*

Dated: July 5, 2018