IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER SMITH<br><br>Defendant. | DOCKET NO: 3:17-CR-182-MOC<br><br>**MOTION TO STRIKE SURPLUSAGE, AND PRECLUDE IRRELEVANT EVIDENCE** |

ALEXANDER SMITH ("Mr. Smith") by and through undersigned counsel Kevin A. Tate, pursuant to Fed. R. Crim. P. 7(d), Local Criminal Rule 47.1(A), and Fed. R. Evid. 401 and 403, hereby submits his Memorandum of Law in support of his Motion to Strike Surplusage from the Indictment, and to preclude the introduction of evidence related to the surplusage identified in the below paragraphs. Such surplusage and potential irrelevant evidence includes the allegations of paragraphs *1-12, and 20, 21and 23* of the Indictment.

The Court should grant that Motion and strike the complained-of allegations because they are irrelevant, inflammatory, prejudicial, and amount to factual and legal argument invading the province of the Court and the jury that will hear this case. Most egregious is that certain portions of the paragraphs containing surplusage that improperly asserts conclusions regarding Mr. Smith's "*State of Mind*", or render conclusions about what Mr. Smith "*understood*." [1]

For the same reasons, evidence that would support the identified surplusage must be excluded from evidence in advance of trial.

---

[1] For example paragraph, one (1) of the Indictment begins by arguing to the Jury that Mr. Smith communicated with a person *"he understood to be a supporter of the Islamic State of Iraq and al-Sham ("ISIS") a designated Foreign Terrorist Organization."* This is a false statements case; the issue to be decided is whether Mr. Smith knowingly and willfully made the false statements alleged in Counts One and Two of the Indictment.

1

On June 21, 2017, the Government filed a two-count Bill of Indictment that alleges:

    A.    In Count One, Mr. Smith is charged with "falsely stating to FBI agents investigating a matter involving international terrorism that *"he never discussed his desire or plans to travel Syria."* Indictment ¶ 22, ECF Doc. No. 3;

    B.    In Count Two, Mr. Smith is charged with "falsely stating to FBI agents investigating a matter involving international terrorism that *"he did not know that Individual A intended to use the buddy pass procured by Smith to travel and support ISIS."* Indictment ¶ 24, ECF Doc. No. 3;

In support of this motion, Mr. Smith shows the Court the following:

1.    Fed. R. Crim. P. 7(c) (1) provides that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

2.    Fed. R. Crim. P. 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."

3.    The Court should grant a Motion to Strike Surplusage where the complained-of "allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006).

4.    In the context of Fed. R. Crim. P. 7, relevant allegations means allegations necessary for the Government to make out a *prima facie* pleading of the alleged violation. *See e.g. United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997).

5.    In making a prima facie showing for a charge pursuant to 18 U.S.C. § 1001 (a) (2), the Government must allege that:

    First: on or about the date specified, Mr. Smith made a statement or representation;

Second: the statement or representation was false, fictitious, or fraudulent;

Third: the false statement or representation was material;

Fourth: the false, fictitious, or fraudulent statement or representation was made knowingly and willfully, and, finally;

Fifth: The statement or representation pertained to a matter within the jurisdiction of the Government of the United States.

Here, the factual allegations contained in Indictment paragraphs *1-12, and 20, 21and 23*, *are* not necessary to the Government's *prima facie* pleading of the violations that the Indictment alleges. Each of the above-identified paragraphs and allegations amount to legal and factual *argument*, will confuse the jury regarding its mandate, are conclusory and will prejudice Mr. Smith in his effort to secure a full and fair trial for the offenses charged.

WHEREFORE, Mr. Smith respectfully prays the Court grant the following relief:

1. Strike Paragraphs *1-12, and 20, 21, and 23* of the Indictment.

2. Moreover, preclude the introduction of evidence that would be offered by the government in support of the challenged surplusage.

## **MEMORANDUM OF LAW**

The Court should strike portions of Paragraphs *1-12, and 20, 21, and 23* in their entirety, from the Indictment because those paragraphs contain irrelevant, inflammatory, and prejudicial surplusage that amounts to legal and factual *argument*, will confuse the jury regarding its mandate, are conclusory, and will prejudice Mr. Smith in his effort to secure a full and fair trial for the offenses charged.

"The indictment or information must be plain, concise, and definite written statement of the *essential facts* constituting the offense charged," Fed. R. Crim. P. 7(c) (1) (emphasis added),

and, where an indictment exceeds those boundaries, a court may strike its surplusage, Fed. R. Crim. P. 7(d).[2] "[S]urplusage" refers to allegations that "are not relevant to the charge and are inflammatory and prejudicial." *Williams*, 445 F.3d 733 (quoting *United States v. Rezag*, 134 F.3d 1121, 1134 (D.C. Cir. 1998)).

"Irrelevant" has a broader meaning for the purposes of a Rule 7(d) motion than it does under the rules of evidence. Rule 7(c) (1) contemplates an indictment that merely pleads each of the factual elements of the offense charged," and not "the inclusion of every piece of evidence that ultimately may be relevant to building a case against the defendant." *United States v. Cooper*, 384 F. Supp. 2d 958, 960 (W.D. Va. 2005). Thus, an allegation is "irrelevant" for the purposes of the indictment not only where it fails to meet the definition of relevant evidence, but also where it is "'unnecessary' in making out a *prima facie* pleading of the violation." *Id.* (quoting *United States v. Hartsell*, 127 F.3d 343, 353 (4th Cir. 1997)).

Remember, the actual charge Mr. Smith is facing is making false statements criminalized pursuant to 8 U.S.C. § 1001 (a) (2),

The allegations contained in paragraphs ***1-12, and 20, 21, and*** 23 of the Indictment only legitimate purpose would be to inflame the passions of the jury by depicting Mr. Smith as a terrorist in the Government's fictional movie it was directing.

Finally, those allegations will prejudice Mr. Smith by distracting the fact-finder from the real issues and forcing Mr. Smith to defend against non-material allegations, and result in ***a trial within a trial.*** Proof beyond a reasonable doubt regarding the facts outlined in paragraphs ***1-12, and 20, 21, and 23*** would not establish any element related to the False Statements charged in

---

[2] The commentary that accompanies Rule 7(d) states that "[t]he rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7 notes of advisory committee on rules – 1944.

4

Counts One and Two of the Indictment. Nevertheless, given the risk of jury bias, Mr. Smith would need to offer evidence to rebut the irrelevant allegations.

Rule 403 of the Federal Rules of Evidence prohibits the introduction of evidence in support of such a confusing,[3] time-wasting allegations; Rule 7(d) of the Federal Rules of Criminal Procedure authorizes the Court to stop the Government from making it in the first instance.

The Fourth Circuit has found that where there is a genuine risk that the emotions of the jury will be excited or become irrational, and such risk is disproportionate to the probative value of the offered evidence, such evidence must be excluded. " S*ee United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993) (citations omitted); *United States v. Grimmond*, 137 F.3d 823, 833(4th Cir. 1998) (to be admissible the evidence must be introduced for an allowable purposes); *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (describing unfairly prejudicial evidence as that which "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions of the case") (internal citations omitted).

The inclusion of such overly prejudicial surplusage would risk confusing the issues related to the offenses that Mr. Smith is defending and the Jury is to arbitrate, requiring that such surplusage be excluded from the Indictment. *See e.g. United States v. Dennis*, 625 F.2d 782, 796-97 (8th Cir. 1980) ("confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues" (citation omitted)).

+

---

[3] Rule 403 of the Federal Rules of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Finally, it will also be impossible to draft legally accurate jury instructions. Mr. Smith should not have to spend trial resources defending such allegations, something he will have to do if he desires to avoid the risk of an inflamed fact-finder.

## **CONCLUSION**

For the aforementioned reasons, the Court should strike paragraphs *1-12, and 20, 21, and 23* from the Indictment.

Respectfully submitted,

*/s/ Kevin A. Tate*
Kevin A. Tate
NC Bar No. 38548
Senior Litigation Counsel
Office of the Federal Public Defender
129 West Trade Street, Suite 300
Charlotte, NC 28202
Phone: (704) 374-0720
Fax: (704) 374-0722
Email: kevin_tate@fd.org
***Counsel for ALEXANDER SMITH***

Dated: March 12, 2019

**CERTIFICATE OF SERVICE**

I, Kevin A. Tate, Assistant Federal Defender, hereby certify that on March 12, 2019, the foregoing **MOTION TO STRIKE SURPLUSAGE, PRECLUDE INTRODUCTION OF EVIDENCE IN SUPPORT OF THAT SURPLUSAGE AND MEMORANDUM OF LAW** was duly served upon Assistant United States Attorney Mike Savage at his electronic mail address on file with the Court.