IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | DOCKET NO: 3:17-CR-182-MOC |
| Plaintiff, | |
| vs. | **MOTION TO PRECLUDE GOVERNMENT PROPOSED EXPERT TESTIMONY** |
| ALEXANDER SMITH, | |
| Defendant. | |

ALEXANDER SMITH ("Mr. Smith"), by and through his counsel of record, Kevin A. Tate, pursuant to Fed. R. Evid. 401, 403, 702 and 704, hereby moves to preclude the proposed testimony of Bruce Hoffman (Mr. Hoffman) of which the Government has given notice, (*see* Gov't's Not. of Expert Witnesses, ECF Doc. No. 49). Today, on March 13, 2019, the government supplemented its Notice with an emailed article styled *Hijrah to the Islamic State,* presumably published by Mr. Hoffman in 2015. Of note, the article discusses topics such as:

> *"How Operatives Get Through Security Without Blowing Their Cover"*
> *"Getting Stopped in Turkey", and,*
> *"Stories of Arab Fighters Migration to Syria"*

Based on the Government's Notice and recent submissions, Counsel for Mr. Smith anticipates that Mr. Hoffman will provide an overview of the history and structure of ISIS. He will discuss the relationship between the ISIS and the United States and other western countries. He will explain the relationship between ISIS and the Syrian government; including yet unknown conclusions regarding the role ISIS plays in the Syrian War. *See Dkt.* (49) Pgs. 1-2. While the government's notice describes broad non-specific categories of topics Mr. Hoffman may testify about, the Notice fails to summarize the specific conclusions he will reach during his testimony.

1

The Government's Expert Notice and submission *lacks in the specificity* required by Fed. R. Evid. 702, and must be precluded on that basis alone.

Moreover, Mr. Hoffman's testimony is *irrelevant* to the False Statement charges in violation of 18 U.S.C. § 1001, that Mr. Smith will stand trial for. Those statements were made to the FBI during the course of an undercover sting operation involving paid informants attempting to induce Mr. Smith to travel to Syria in support of ISIS. Mr. Smith never intended to and never did travel to Syria in support of ISIS as the Government's paid informants unsuccessfully attempted to induce him to do. Hence, the § 1001 charges, instead of *Travel to Lend Material Support* to a Foreign Terrorist Organization the Government agents attempted to manufacture.

As grounds for this motion, Mr. Smith avers as follows:

1. Fed. R. Evid. 702 states that "[a] witness who is qualified as an expert . . . may testify in the form of an opinion if," *inter alia*, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

2. Fed. R. Evid. 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice . . . undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

3. Fed. R. Evid. 704 (b) states "in a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for a trier of fact alone." Fed. R. Evid. 704 (b).

4. Mr. Hoffman's proposed testimony, including *inter alia,* the "*History of the Islamic State*" and "*Arab Fighter's Migration to Syria*" will not assist the jury in its determination of any fact in issue relevant to the 18 U.S.C. § 1001 offenses Mr. Smith is charged with.

5. Consequently, the danger of unfair prejudice, undue delay, wasting time, or needlessly presenting cumulative evidence substantially outweighs the testimony's probative value in that:

# MEMORANDUM OF LAW

### A. The Court Should Preclude "Blue Print" or "Opinion" Testimony by Mr. Hoffman Regarding ISIS or Mr. Smith's Characteristics that would suggest he is a supporter of ISIS

The Court should grant the motion and suppress the expert testimony because it will impart legal and factual conclusions of no assistance to the jury, will embrace and ultimate issue reserved for the jury, and, relatedly, will present a risk of undue prejudice that substantially outweighs any probative value.

Under amended FRE 701(c), a witness may testify as an expert if the opinions at issue are based on scientific, technical, or other specialized knowledge within the scope of FRE 702. *See Underwriters at Lloyd's v. Sinkovich*, 232 F.3d 200, 203-04 (4th Cir. 2000) (lay witnesses may not opine on matters beyond there expert skill and/or knowledge); *cf. Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1123-24 (10th Cir. 2005) (opinions based on simple statistical calculations such as averages are not expert testimony).

Mr. Hoffman, if allowed to testify for the government must be precluded from offering *Blueprint* testimony regarding what happens in the typical Support to Foreign Terrorist Organization ("FTO"), first, because **Mr. Smith is not on trial for such an offense**, and second, such testimony, if admitted, would suggests what decision the jury should reach on legal or factual issues central to the elements of the False Statements of the offenses Mr. Smith is set to stand trial for. *See, e.g. United States v. Jones*, 913 F.2d 174 (4thCir. 1990) (finding abuse of discretion to admit *blueprint drug courier profile* testimony as substantive evidence); *United States v. Barsanti*, 943 F.2d 428, 432-33 (4th Cir. 1991) (it was proper to exclude testimony interpreting statute); *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (expert testimony containing legal conclusions did little more than tell the fact finder what decision to reach); *United States v.*

*Gutierrez-Farias,* 294 F.3d 657, 662-63 (5th Cir. 2002) (law enforcement officer testimony that regarding *modus operandi* of drug organizations did little more than tell the jury how to decide); *see also* FRE 704(b) (in a criminal case, an expert witness *may not state an opinion about whether the defendant did or did not have a mental state relevant to an element of the offenses charged*) (emphasis added).

The government must be precluded from eliciting testimony regarding the typical Support to FTO case, or the methods and operations of a FTO, or Mr. Smith's propensity to affiliate with a FTO. Mr. Hoffman likewise should be precluded from rendering opinions regarding the legality of Mr. Smith's conduct and offering opinions on Mr. Smith's "state of mind" and/or "intent" to commit the crimes charged.

### B. The Proposed Expert Testimony contains irrelevant Legal Standards and Factual Conclusions of no use to the Jury

"The touchstone" of the rules governing the admission of opinion testimony "is whether the testimony will assist the jury." *United States v. Offill*, ___ F.3d ___ (4th Cir. 2011). Rule 702 of the Federal Rules of Evidence puts it plainly: "[a] witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise" only if "the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Otherwise, such testimony is inadmissible. *See United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002).

The anticipated testimony of Mr. Hoffman will not assist the jury for two reasons: first, his testimony involves factual conclusions and legal standards that might improperly influence the jury and will invade the province of the Jury and Court; and second, to the extent that it does not

involve legal standards, the testimony would involve factual conclusions that will not assist but rather dictate the jury's fact-finding.

Moreover, testimony by a party-litigant's witness regarding the issue to be decided is not evidence, but rather a self-serving opinion geared to influence the trier-of-fact to decide in favor of guilt. The government must be required to convict by credible evidence. Innuendo and opinions about ISIS are not evidence, are not relevant, and must be precluded from clouding the true issues to be decided by the jury at trial.

Finally, Mr. Hoffman's opinions are not relevant to any issue to be decided by the jury, and he lacks personal knowledge of the facts and circumstances surrounding the *False Statements* charges to the FBI that are at issue in this case. In order to convict Mr. Smith on the charge of 18 U.S.C. § 1001 (a) (2), the Government must prove beyond a reasonable doubt that:

> First: on or about the date specified, Mr. Smith made a statement or representation;
> Second: the statement or representation was false, fictitious, or fraudulent;
> Third: the false statement or representation was material;
> Fourth: the false, fictitious, or fraudulent statement or representation was made knowingly and willfully, and, finally;
> Fifth: The statement or representation pertained to a matter within the jurisdiction of the Government of the United States.

Mr. Hoffman's anticipated testimony does not touch on any of the above referenced elements of proof, and must be precluded on this basis alone.

## **CONCLUSION**

Mr. Hoffman's anticipated testimony does not relate to any of the elements of proof for False Statement offenses pursuant to 18 U.S.C. § 1001 (a) (2), would be irrelevant, potentially overly prejudicial, and would result in a *trial within a trial* regarding immaterial and irrelevant

5

facts. Mr. Smith respectfully prays the Court grant his motion to preclude the Government's proposed Expert Testimony.

Respectfully submitted,

*/s/ Kevin A. Tate*
Kevin A. Tate
NC Bar No. 38548
Senior Litigation Counsel
Office of the Federal Public Defender
Western District of North Carolina
129 West Trade Street, Suite 300
Charlotte, NC 28202
Phone: (704) 374-0720
Fax: (704) 374-0722
Email: kevin_tate@fd.org

***Counsel for Alexander Smith***

Dated: March 13, 2019

# CERTIFICATE OF SERVICE

     I Kevin A. Tate, hereby certify that on this the 13th day of March, 2019, the foregoing **MOTION TO PRECLUDE GOVERNMENT PROPOSED EXPERT TESTIMONY** was served electronically through ECF filing upon all referenced counsel at their electronic mail address on file with the Court.

    Michael E. Savage
    Assistant United States Attorney
    U.S. Attorney's Office
    227 West Trade Street, Suite 1650
    Charlotte, North Carolina 28202
    Telephone: (704) 338-3166
    Fax: (704) 227-0197
    Email: mike.savage2@usdoj.gov


        *s/ Kevin A. Tate*
        Kevin A. Tate
        ***Counsel for Alexander Smith***