# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER SAMUEL SMITH<br><br>Defendant. | DOCKET NO. 3:17-CR-182-MOC<br><br>**Motion to Dismiss Count Two of the Indictment for Multiplicity** |

ALEXANDER SMITH (Mr. Smith), by and through Kevin A. Tate, Senior Litigation Counsel for the Office of the Federal Public Defender ("Counsel"), pursuant to the Fifth and Sixth Amendments to the United States Constitution, hereby files his Motion to Dismiss Count Two the Indictment. Dismissal of Count two is required because the alleged false statements were made on the same day and in the same interview and comprise only one violation of 18 U.S.C. § 1001. Because the indictment charges separate offenses from acts in a single course-of-conduct, the indictment is multiplicitous and one count must be dismissed.[1]

## Memorandum of Law

The doctrine of multiplicity "refers to the charging of each act in a series of identical acts as though it were a separate crime." *United States v. Allen*, 13 F.3d 105, 107 (4th Cir. 1993). "The danger of multiplicity is that it may lead to multiple sentences for a single offense, and it may prejudice the jury by creating the impression that the defendant has committed several offenses where there may have been only one." *United States v. Jameson*, 972 F.2d 343, 1992 WL 180416, at *9 (4th Cir. 1992) (unpublished) (citing *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)).

---

[1] The Defense suggest Count Two be dismissed, but the Government is free to elect which Count it will dismiss to cure the pleading defect.

"When the same statutory violation is charged twice," as it is here, "the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). The "first task is therefore to determine . . . what Congress intended to serve as the unit of prosecution under th[e] provision" by looking to the text and, if necessary, the legislative history and statutory scheme. *United States v. Elliott*, 849 F.2d 886, 889 (4th Cir. 1988).

The text of 18 U.S.C. § 1001 resolves Congress' intended unit of prosecution as the defendant's *course of conduct*, rather than the individual statements. This is evident from the statute's term of "*any* materially false, fictitious, or fraudulent statement or representation." 18 U.S.C. § 1001(a)(2). "Any" means "one, some, or all indiscriminately of whatever quantity."[2] "The word 'any,'. . . has 'typically been found ambiguous in connection with the allowable unit of prosecution,' for it contemplates the plural . . . ." *United States v. Polouizzi*, 564 F.3d 142, 155 (2d Cir. 2009). For example, the Fifth Circuit limited the prosecution unit under 18 U.S.C. § 2252A for possessing "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography" to a single violation per storage medium. *United States v. Planck*, 493 F.3d 501, 505 (5th Cir. 2007). By punishing false statements as a group, Congress *created a crime of a continuous nature that does not punish each statement as a separate crime*.

Because § 1001 is a course-of-conduct offense, "*all violations that arise from that singleness of thought, purpose or action, which may be deemed a single 'impulse'*" are treated as "*one offense*" under this impulse test. *Chipps*, 410 F.3d at 449 (citing *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 224 (1952) (emphasis added). Although Mr. Smith allegedly made two false statements, they both

---

[2] Merriam-Webster, available at <https://www.merriam-webster.com/dictionary/any?utm_campaign=sd&utm_medium=serp&utm_source=jsonld> (last accessed 03/13/2019).

occurred from a single statement in a continuous course of conduct during a single interview occurring on February 16, 2016. As a result, only one count of 18 U.S.C. § 1001 is constitutionally permissive.

Indeed, the government has endorsed such an approach in other cases. In *United States v. McCafferty*, No. 1:10-CR-387, 2011 WL 933771 (N.D. Ohio Mar. 16, 2011), the government defended an indictment's validity against a duplicity challenge, where it charged making five false statements to an FBI agent during one interview as a single § 1001 count. *Id.* at *12. The government justified this by pointing out the false statements all stemmed from a single course of conduct and charging such individual falsities as separate offenses would be "contrary to Congressional intent." *Id.*[3] The government also cited to similar instances, including *United States v. Fassnacht*, No. 01-CR-0063, 2002 WL 63523 (N.D. Ill. Jan. 15, 2002). There, the court found charging three misrepresentations to an IRS agent on the same day in the same interview, as a single offense was proper and not duplicitous. *Id.* at *5. This District's U.S. Attorney's Office has also charged multiple false statements from the same interview as only a single count. *See e.g., United States v. Sullivan*, Case No. 16-cr-00005, Superseding Indictment, Dkt. #44 at ¶¶ 34-35 (single § 1001(a)(2) count alleging three false statements in interview with federal agents), *United States v. Strothers*, Case No. 3:16-CR-212, Superseding Indictment, Dkt. #27 at 2-3 (charging single § 1001(a)(2) count for two false statements).

At a minimum, the text coupled with prosecutorial practice demonstrates that § 1001's unit of prosecution imposes an "obligat[ion], as a matter of statutory construction, to resolve doubts in favor of lenity for the accused." *United States v. Elliott*, 849 F.2d 886, 889 (4th Cir. 1988).

---

[3] The *McCafferty* defendant got her wish and a Supplemental Indictment with multiple separate counts was issued, some of which were held to be multiplicitous. 2011 WL 933771, at *10-13.

**Conclusion**

The unit of prosecution for 18 U.S.C. § 1001 is the defendant's course of conduct as either a matter of statutory interpretation or application of the rule of lenity. Because Mr. Smith engaged in a singular course of conduct during the single interview, and on the *same* date, any false statements made during that interview constitute a single offense. The Court should order the government to elect a count to dismiss, or, in the alternative, merge the two false statements into theories of liability for a single offense, *United States v. Diboh*, No. 5:17-CR-176-FL-1, 2018 WL 576846, at *5 (E.D.N.C. Jan. 26, 2018) (finding counts multiplicitous pretrial and ordering that the two theories of liability be merged into a single count).

Dated: March 14, 2019                    Respectfully Submitted,

<pre>
                                         s/ Kevin A. Tate
                                         Kevin A. Tate
                                         NC Bar 38548
                                         Senior Litigation Counsel
                                         E-Mail: kevin_tate@fd.org
                                         Melissa S. Baldwin
                                         MA Bar 690012
                                         Assist. Federal Public Defender
                                         Melissa_Baldwin@fd.org

                                         Federal Public Defender for the
                                         Western District of North Carolina
                                         129 West Trade Street, Suite 300
                                         Charlotte, NC 28202
                                         (704) 374-0720
                                         Fax: (704) 374-0722
                                         Counsel for Alexander Samuel Smith
</pre>

# **CERTIFICATE OF SERVICE**

I Kevin A. Tate, hereby certify that on this the 14th day of March, 2019, the foregoing **Motion to Dismiss Count Two of the Indictment for Multiplicity** was served electronically through ECF filing upon all referenced counsel at their electronic mail address on file with the Court.

> Michael E. Savage
> Assistant United States Attorney
> U.S. Attorney's Office
> 227 West Trade Street, Suite 1650
> Charlotte, North Carolina 28202
> Telephone: (704) 338-3166
> Fax: (704) 227-0197
> Email: mike.savage2@usdoj.gov

*s/ Kevin A. Tate*
Kevin A. Tate
***Counsel for Alexander Smith***