UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. |
| | ) | 3:17-cr-182- MOC |
| vs. | ) | |
| | ) | RESPONSE IN OPPOSITION TO |
| ALEXANDER SAMUEL SMITH, | ) | DEFENDANT'S MOTION TO |
| a/k/a "Amir Alexander" | ) | DISMISS COUNT TWO |
| | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS COUNT TWO**

The United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and the undersigned Assistant United States Attorney, hereby files this Response in Opposition to Defendant's Motion to Dismiss Count Two of the Indictment (Doc. 71). Because the Indictment properly charges multiple counts, the Court should deny Defendant's motion.

### I.    BACKGROUND

Defendant Smith is charged in a Bill of Indictment with two counts of making false statements, in violation of Title 18, United States Code, Section 1001. Counts One and Two of the Indictment charge separate and distinct false statements by Defendant during a voluntary, recorded interview with the FBI on February 16, 2016. The first false statement involves whether Smith himself was planning to travel to Syria in aid of ISIL. The second false statement involves

1

Smith's willingness to help a known ISIL sympathizer obtain commercial airline tickets to travel to Syria to support ISIL.

The FBI's attention in the first statement was on the conduct of Smith himself. The second false statement involves not only Smith's conduct, but also that of the persons whose credit card was used in the transaction and Smith's girlfriend, an employee of a commercial airline. In any event, the two false statements are not identical, were made in different parts of the 111-minute recorded interview, and each requires proof of a fact the other does not.

## II. COUNTS ONE AND TWO ARE NOT MULTIPLICIOUS

A bill of indictment is not multiplicitous if each count requires proof that the other does not. *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). The test for determining whether two counts of an indictment are multiplicitous follows:

[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each requires proof of an additional fact which the other does not.

*Blockburger*, 284 U.S. at 304, 52 S. Ct. at 180. Multiplicity occurs when "each act in a series of identical acts [is charged] as though it were a separate crime" or when " 'the charging of a single offense [is done] in several counts.' " *United States v. Allen*, 13 F.3d 105, 107 (4th Cir. 1993) (internal quotation omitted) (emphasis added).

Moreover, in a prosecution for false statements, in violation of Title 18, United States Code Section 1001, non-identical false statements made to a federal agent during a single

2

interview may be charged as separate violations. *United States v. Jameson*, 972 F.2d 343 at *10 (4th Cir. 1992)(unpublished), citing *United States v. Seagall,* 833 F.2d 144, 145 (9th Cir. 1987). Statements are non-identical if one requires proof of a fact that the other does not. *Id.*, but see *United States v. Olsowy,* 836 F.2d 439, 443 (9th Cir. 1987) ("Where identical false statements ... are made in response to identical questions, the declarant may be convicted only once.")

"Multiplicity is the charging of a single offense in more than one count." *Jameson*, 972 F.2d at 343; *Seagall*, 833 F.2d at 145. The danger of multiplicity is that it may lead to multiple sentences for a single offense, and it may prejudice the jury by creating the impression that the defendant has committed several offenses where there may have been only one. *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988).

In *Seagall*, the defendant, a broker, was charged with two counts of violating § 1001 in one oral interview with a customs official on the same day. *Seagall*, 833 F.2d at 146. Count One alleged that Seagall lied about when she began receiving certain customs refund checks, while Count Two alleged that she lied about the total amount of refunds she had received as of the date of the customs officer's interview. *Id.* Seagall argued the counts were multiplicitous because they alleged "identical false statements ... made in response to identical questions, of which she could convicted only once." *Id.*, citing *United States v. Olsowy*, 819 F.2d 930, 935 (9th Cir.1987). The government argued that each of Segall's statements were separate lies that hindered the Customs Service in carrying out its regulatory responsibilities in different ways. *See Gebhard v. United States*, 422 F.2d 281, 289 (9th Cir.1970). Applying the *Blockburger* test, the Ninth Circuit held that the defendant's false statement concerning when refund checks began coming to her was

separate and distinct from her false statement concerning the total amount of refunds she received. *Id.*

In a more recent case before Judge Martin Reidinger of this District, the Government alleged two separate violations of § 1001 arising from a single interview of the defendant in a workman's compensation case. *United States v. Smith*, 2010 WL 2749337 at * 1 (W.D.N.C. July 12, 2010). Count One alleged that the Defendant falsely stated during an interview with federal agents that "she always wore a doctor-prescribed medical 'boot' and that she used a wheelchair or stroller during store trips." Count Two alleged that in the same interview, the defendant said "she could not sit for long periods of time without experiencing significant pain." Before trial, the defense filed a motion seeking to force the Government to elect between the two counts. In his order denying the defense motion, Judge Reidinger held:

> Counts One and Two of the Superseding Bill of Indictment involve two different oral misrepresentations that the Defendant allegedly made to law enforcement officers during her August 25, 2009 interview. Each count relates to a distinct false statement, and thus requires the Government to prove a different element, i.e., the specific false statement that the Defendant allegedly made, for each offense. The Double Jeopardy Clause is not violated where the acts alleged are separate and distinct from one other. *Blockburger*, 284 U.S. at 304, 52 S.Ct. 180; *see also United States v. Segall*, 833 F.2d 144, 146 (9th Cir.1987) ("each nonidentical false statement made or document prepared or used may be charged as a separate violation of section 1001"); *United States v. Jameson*, Nos. 91–5848, 91–5849, 91–5876, 1992 WL 180146, at *9 (4th Cir. July 29, 1992) (citing *Segall* with approval). Because Count One and Count Two each involve proving a different fact—that is, the distinct false statements made by the Defendant—these counts are not multiplicitous.

Such analysis is appropriate in this case. Because Counts One and Two charge Defendant with separate and distinct false statements: one about his own conduct and a second about his willingness to assist another individual. These statements are not identical and were not made in response to the same or similar questions. The Government's decision to charge each false statement separately clearly fits within its charging discretion.

### III.  REMEDY SOUGHT BY DEFENDANT IS INAPPROPRIATE

Defendant's motion, while captioned "Motion to Dismiss Count Two…" ultimately requests that the court order the government to "elect a count to dismiss, or, in the alternative, merge the two false statements into theories of liability." However, even were the defense correct that the counts were multiplicitous, that would not be the appropriate remedy.

Even were the evidence at trial to show that the false statements in Counts One and Two were identical, and thus were multiplicitous, the trial court could remedy any prejudice to the Defendant *after* the trial and should not compel an election under Rule 14(a) of the Federal Rules of Criminal Procedure. The Fourth Circuit, in *United States v. Deloach*, 2000 WL 274972, *1 (4th Cir. 2000) (unpublished), noted that the problem of multiplicity "was remedied when the court dismissed the multiplicitous counts at sentencing.' ". (Citations omitted).

Indeed, in *United States v. McCafferty*, No. 1:10-CR-387, 2011 WL 933771 (N.D. Ohio Mar. 16, 2011) – cited by Defendant – the court found that some of the counts were multiplicitous but, nevertheless, allowed the counts to be presented to the jury as charged. The court noted that the "possibility that the defendant will be prejudiced by the mere charging of

multiple counts under § 1001 is minimal, inasmuch as the entire case revolves around the answers the defendant gave to one FBI agent during the course of a single interview. *Id.*

### IV.     CONCLUSION

Because the counts in the Indictment charge non-identical false statements, Defendant's motion should be denied.

Respectfully submitted, this the 15th day of March 2019.

                                            Respectfully submitted,

                                            R. Andrew Murray
                                            United States Attorney

                                            s/ Michael E. Savage
                                            Assistant United States Attorney
                                            North Carolina Bar Number 33159
                                            Attorney for the Plaintiff
                                            227 West Trade Street, Suite 1650
                                            Charlotte, North Carolina 28211
                                            704/338-3166 (Direct Line)
                                            704/227-0197 (Fax)
                                            mike.savage2@usdoj.gov

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 15 March 2019, the foregoing was duly served upon counsel for the defendants by electronic notification from the Court using the CM/ECF System which will transmit notification of such filing to all Counsel of Record, including:

      Kevin A. Tate, Esq.

                                                      *//s// Michael E. Savage*
                                                      Assistant United States Attorney