IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALEXANDER SAMUEL SMITH<br><br>Defendant. | DOCKET NO. 3:17-CR-182-MOC<br><br>**Reply to Government's Response in Opposition to Defendant's Motion to Dismiss Count Two of the Indictment** |

The government utilizes the wrong legal standard to oppose dismissing Count Two of the Indictment for violating the multiplicity doctrine. Under Fourth Circuit precedent, the determinative issue is Congress' intended prosecution unit for 18 U.S.C. § 1001. Under the statute's plain language, and/or the rule of lenity, Mr. Smith's alleged false statements, occurring on the same day, during the same interview, with the same agents, constitutes only a single violation of 18 U.S.C. § 1001. The Court should grant Mr. Smith's Motion. (Dkt. #71).

**Argument**

Mr. Smith is charged with two violations of the same statutory provision, 18 U.S.C. § 1001(a) (2). Indictment, Dkt. #3. The government's proposed analysis, however, is that used when the challenge is to "a violation of *two distinct statutory provisions*…." Gov't Response in Opp, Dkt. #73 at 2 (emphasis added).

"When a defendant is charged with multiple violations of the same statute arising from the same course of conduct, the court must consider "[w]hat Congress has made the allowable unit of prosecution'…." *United States v. Shrader*, 675 F.3d 300, 313 (4th Cir. 2012) (quoting *Bell v. United States*, 349 U.S. 81, 81 (1952)). This is the standard has been consistently applied in the Fourth

1

Circuit's binding authorities. *Id.* at 312-14 (separate counts of 18 U.S.C. § 2261(A)(2) required determining unit of prosecution); *United States v. Elliott*, 849 F.2d 886 (4th Cir. 1988) (separate counts of 21 U.S.C. § 841 required determining unit of prosecution); *Thomas v. Warden, Md. State Penitentiary*, 683 F.2d 83, 84 (4th Cir. 1982) (whether Double Jeopardy violated by separate counts of Maryland Armed robbery statute required determining unit of prosecution); *United States v. Johnson*, 612 F.2d 843 (4th Cir. 1979) (separate counts of 18 U.S.C. § 659 required determining unit of prosecution); *United States v. Mason*, 611 F.2d 49, 51-52 (4th Cir. 1979) (simultaneous receipt of multiple weapons on the same day comprised only single violation of § 922(h), because unit of prosecution was ambiguous).

The government does not address the multiplicity violation under the correct legal framework and instead invites the Court to contradict these binding authorities in favor of an unpublished opinion, *United States v. Jameson*, 972 F.2d 343, at *10 (4th Cir. 1992), which borrowed the Ninth Circuit test that originated in *United States v. Olsowy*, 819 F.2d 930 (9th Cir. 1987). The Ninth Circuit in that case was considering whether the same false statement could permissibly violate *two distinct statutory provisions*. *See id.* at 934 (considering whether three counts of violating 18 U.S.C. § 1001 were multiplicitous with *one count of violating 18 U.S.C. § 287*) (emphasis added).

Counts One and Two in this cases concern Mr. Smith's alleged false statements, occurring on the same day, during the same interview, with the same agents, in violation of a single statute, 18 U.S.C. § 1001 (a) (2), and consequently, constitutes only a single violation of 18 U.S.C. § 1001. The Court should grant Mr. Smith's Motion

## Conclusion

For these reasons and the reasons set forth in his Motion (Dkt. #71), the Court should find the Indictment multiplicitous and order the government to elect a count to dismiss, or, in the alternative, merge the two false statements into theories of liability for a single offense, *United States*

2

*v. Diboh*, No. 5:17-CR-176-FL-1, 2018 WL 576846, at *5 (E.D.N.C. Jan. 26, 2018) (finding counts multiplicitous pretrial and ordering that the two theories of liability be merged into a single count).[1]

Dated: March 17, 2019    Respectfully Submitted,

                                                s/ Kevin A. Tate
                                                Kevin A. Tate
                                                NC Bar 38548
                                                Senior Litigation Counsel
                                                e-mail: kevin_tate@fd.org
                                                Melissa S. Baldwin
                                                Assist. Federal Public Defender
                                                Melissa_Baldwin@fd.org
                                                Federal Public Defender for the
                                                Western District of North Carolina
                                                129 West Trade Street, Suite 300
                                                Charlotte, NC 28202
                                                (704) 374-0720
                                                Fax: (704) 374-0722
                                                Counsel for Alexander Samuel Smith

---

[1] The government also suggests that the Court hold in abeyance this determination until sentencing, but offers no substantive reason for doing so and such a course would not remedy the prejudice to Mr. Smith for falsely suggesting to the jury that he committed several crimes, when, in fact, he committed only one.

**CERTIFICATE OF SERVICE**

     I Kevin A. Tate, hereby certify that on this the 17th day of March, 2019, the foregoing **Reply to Government's Response in Opposition to Defendant's Motion to Dismiss Count Two of the Indictment** was served electronically through ECF filing upon all referenced counsel at their electronic mail address on file with the Court.

    Michael E. Savage
    Assistant United States Attorney
    U.S. Attorney's Office
    227 West Trade Street, Suite 1650
    Charlotte, North Carolina 28202
    Telephone: (704) 338-3166
    Fax: (704) 227-0197
    Email: mike.savage2@usdoj.gov


                      *s/ Kevin A. Tate*
                      Kevin A. Tate
                      ***Counsel for Alexander Smith***