# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALEXANDER SAMUEL SMITH

Defendant.

DOCKET NO. 3:17-CR-182-MOC

**Motion for Reconsideration of Release Pending Sentencing**

Mr. Smith requests that the Court reconsider its detention order and release him pending his sentencing. There is clear and convincing evidence that Mr. Smith's release would not pose a flight risk or danger to the community. He lacks the means to flee, is a lifelong resident of Charlotte, a nonviolent offender with only a few misdemeanor convictions, and faces less maximum imprisonment than many offenders routinely released by the courts every day. In addition, for the year and a half while on pretrial release, he made every court appearance without any indication he posed a public safety risk. To further ameliorate any possible risk of flight or danger, the Court may order home incarceration on RF monitoring technology.[1]

## Memorandum of Law

### I.     Mr. Smith is not subject to the heightened standard for "crimes of terrorism."

Mr. Smith has been convicted of a crime, but not a "crime of terrorism." The Court's decision to order Mr. Smith's detention suggested that it was relying on Mr. Smith's fact of conviction and perhaps improperly classifying it as a crime of terrorism. *See* Transcript of

---

[1] RF technology uses 24-hour electronic surveillance to alert the Probation Office when a participant leaves/enters a specific residence or tampers with the monitoring equipment.

1

Verdict, at 8-9 (Mr. Smith's crime is "serious" and "after a conviction with this kind of sentence hanging over them, to allow them to have a bond at this time and remand them would be wrong."). Although acts of terrorism under 18 U.S.C. § 2332(b) or crimes falling under section 2332(b)(g)(5)(B)'s definition of "Federal crime of terrorism" carry a presumption that no condition or combination of conditions will reasonably assure the defendant's appearance or safety of the community, 18 U.S.C. § 3142(e)(3)(B)-(C), Mr. Smith's false statement is not included under their purview and does not.

According to Congress, Mr. Smith's crime is a fairly minor offense. A false statement involving international terrorism shares the same statutory maximum penalty as simple assault on a designated person, where "such acts involve physical contact with the victim of that assault." 18 U.S.C. § 111(a) (eight year maximum). And, Mr. Smith's maximum punishment is less than that for attempting to export a vehicle with an altered identification number, 18 U.S.C. § 553(a) (10 year maximum); mail fraud, 18 U.S.C. § 341 (20 year maximum); and mere possession of a pornographic material depicting a 16-year-old, 18 U.S.C. § 2252(b)(2) (10 year statutory maximum). The release of a defendant like Mr. Smith, who has been convicted of making false statements to the FBI in a matter involving terrorism, is not novel. Courts have released such defendants. *See e.g., United States v. Michael Queen*, Case No. 17-cr-50-2, Order, Dkt. #21 (E.D. Va. Jul. 31, 2017); *United States v. Phillipos*, Case No. 1:13-cr-10238-3, Electronic Notes Re: Jury Verdict, Dkt. #509 (D. Mass. Oct. 28, 2014).

Under section 3143, Mr. Smith should be released pending sentencing if he presents "clear and convincing evidence" that he is not likely to flee or pose a danger to the public. 18 U.S.C. § 3143(a). This means that if there is "credible supporting evidence that renders [his

2

Case 3:17-cr-00182-MOC-DSC    Document 84    Filed 04/16/19    Page 2 of 6

appearance and public safety] highly probable" then the Court should release Mr. Smith pending his sentencing. *United States v. Antone*, 742 F.3d 151, 159 (4th Cir. 2014). There is.

**II.     Mr. Smith should be released pending sentencing, because there is *time-tested* and *demonstrated* credible evidence that his release does not pose a risk of flight or danger to the community.**

Because releasing Mr. Smith under home incarceration with RF technology would prevent any risk of flight or danger to others, this Court should reconsider its detention order and release Mr. Smith pending sentencing.

All the credible evidence supports finding Mr. Smith does not pose a flight risk. He is a lifelong resident of Charlotte, whose entire nuclear family resides in Charlotte, including his nine-month old son. *See* Pretrial Report, Dkt. #8 at 2-3.[2] He does not have a passport and the U.S. Department of State has been notified not issue one to him. *Id.*; Notice re: U.S. Passport, Dkt. #15. Nor does Mr. Smith have the financial means to flee; he is indigent. *See e.g. United States v. Etienne*, No. 17-cr-20702, 2018 WL 1281803, at *2 (S.D. Fla. Mar. 8, 2018) (granting motion for reconsideration and releasing defendant pending sentence, who pled guilty to 49-count indictment charging money laundering and fraud crimes, where she was not convicted of violent crimes, her entire nuclear family resided locally, and there were no indicators she would flee or had financial means to do so). And, any possibility of flight is eradicated by placing him on home incarceration with RF technology monitoring.

Nor is there any danger to the community by releasing Mr. Smith to 24-hour-a-day lockdown in his home pending sentencing. Mr. Smith is not a violent offender. He has no prior conviction for a crime of violence or serious drug offense, but only a couple low-level

---

[2] Mr. Smith religiously married his longtime girlfriend and they welcomed a baby boy into the family in July of 2018.

3

convictions for possessing marijuana, disorderly conduct, and traffic infractions. *See* Pretrial Report, Dkt. # 8 at 4-7. Mr. Smith was on pretrial release for a year and a half without any danger to the public. *See* Order Setting Conditions of Release, Dkt. #11 (Jul. 15, 2017). Although convicted of making false statements to the FBI in a matter involving terrorism, the government's actions in this case demonstrate that neither Mr. Smith, nor *his particular conduct* present a risk to the public. Despite the government's investment of time and money into investigating Mr. Smith, it could never gather evidence that Mr. Smith committed a terrorism offense. *See* Joe Bruno, Local man guilty of lying to feds about his support of ISIS, WSOCTV (Mar. 26, 2019) (U.S. Attorney Jill Westmoreland Rose's explanation for charging decision was that the government "didn't have the necessary elements for a terrorism charge").[3]

This perhaps explains why the government was fully aware of Mr. Smith's conduct relating to this case *since 2014*, yet never took any actions to isolate him from the public. To the contrary, the government knew he possessed firearms due to his employment in the security field, but did not arrest him until *June 2017—**nineteen (19) months after*** he made the false statements of conviction to the FBI. *See* Arrest Warrant, Dkt. #5. Moreover, it neither appealed the Magistrate Judge's decision to release Mr. Smith, nor ever sought to revoke or modify his conditions. *See* Order Setting Conditions of Release, Dkt. #11; Gov't Resp. to Def.'s Mot. To Modify Conditions of Release, Dkt. #28 at 3 ("current conditions of pretrial release…continue to be the least restrictive to ensure the safety of the community and Defendant's presence in Court.").

---

[3] Available at <https://www.wsoctv.com/news/local/charlotte-area-man-accused-of-trying-to-fly-isis-supporter-with-airline-buddy-pass/544965324> (last accessed Apr. 12, 2019).

And, Mr. Smith' trial took place some ***twenty-one (21) months*** after his release on unsecured bond in June of 2017. In all, for nearly ***5 years after the offense conduct*** of conviction, Mr. Smith demonstrated by fact that he has significant family ties to the community…such that he is not a risk of flight; that he is not a danger to the community; that he has lived a law-abiding life and worked a job in between the offense conduct dating back to 2014 and his conviction in 2019.

Mr. Smith's history and characteristics, conduct while on pretrial release, and low sentencing exposure present clear and convincing evidence that he will not flee or pose a safety risk. The Court should release him pending sentence. 18 U.S.C. § 3143(a)(1).

## Conclusion

Because Mr. Smith has presented clear and convincing evidence that he will not flee or pose a danger to others, the Court should order that he be released on home incarceration with RF technology monitoring pending sentencing.

Dated: April 16, 2019                              Respectfully Submitted,


                                                   s/ Kevin A. Tate
                                                   Kevin A. Tate
                                                   NC Bar 38548
                                                   Senior Litigation Counsel
                                                   E-Mail: kevin_tate@fd.org
                                                   Melissa S. Baldwin
                                                   Assistant Federal Public Defender
                                                   Melissa_Baldwin@fd.org
                                                   Federal Public Defender for the
                                                   Western District of North Carolina
                                                   129 West Trade Street, Suite 300
                                                   Charlotte, NC 28202
                                                   (704) 374-0720
                                                   Fax: (704) 374-0722
                                                   Counsel for Alexander Samuel Smith

## <u>CERTIFICATE OF SERVICE</u>

I Kevin A. Tate, hereby certify that on this the 16th day of April, 2019, the foregoing Motion for Reconsideration of Release Pending Sentencing was served electronically through ECF filing upon all referenced counsel at their electronic mail address on file with the Court.

Michael E. Savage
Assistant United States Attorney
U.S. Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone:  (704) 338-3166
Fax:  (704) 227-0197
Email: mike.savage2@usdoj.gov


*s/ Kevin A. Tate*
Kevin A. Tate
***Counsel for Alexander Smith***

6