UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | DOCKET NO. 3:17-cr-182-MOC |
| v. | ) | |
| (1) ALEXANDER SAMUEL SMITH | ) | |
| a/k/a "Amir Alexander" | ) | |

**GOVERNMENT'S OPPOSITION TO
RECONSIDERATION OF RELEASE PENDING SENTENCING**

Comes now, the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, who files this, its opposition to Defendant Alexander Samuel Smith's a/k/a Amir Alexander's (SMITH's) Motion for Reconsideration of Release Pending Sentencing (Motion for Reconsideration of Release). The Government opposes SMITH's Motion for Reconsideration of Release because (1) the Court's initial ruling was correct in law and supported by the facts, (2) SMITH is now a convicted felon to whom the presumption of detention applies, and (3) SMITH is facing a statutory maximum of 16 years in prison if the terrorism enhancement is applied.

**APPLICABLE LAW**

Title 18, United States Code, Section 3143 provides in pertinent part:

a) the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

"The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c).

Title 18, United States Code Section 1001, provides in pertinent part:

(a) . . . whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-

(2) Makes any materially false, fictitious, or fraudulent statement or representation;
. . .
Shall be fined under this title, if the offense involves international terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

As the jury in this case was instructed, the term "international terrorism" means activities that--

(A) Involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State;

(B) Appear to be intended--

   (i) to intimidate or coerce a civilian population;

   (ii) to influence the policy of a government by intimidation or coercion; or

   (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; and

(C) occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum.

18 U.S.C. § 2331(a)(1)

Under United States Sentencing Commission Guidelines (U.S.S.G.), Appendix A, U.S.S.G. § 2J1.2 (Obstruction of Justice) is the Guideline applied to offenses under Section 1001 where the eight year statutory maximum applies. Guideline 2J1.2 provides for a base offense level of 14. U.S.S.C. § 2J(b)(1)(C) requires a twelve-level increase for convictions under

18 U.S.C. § 1001or § 1505 where "the matter relates to international terrorism or domestic terrorism."

In the alternative, the Court may apply the Terrorism Enhancement under U.S.S.C. 3A1.4. Under U.S.S.G. § 3A1.4, comment (note 2(B)), if an offense involves obstructing the investigation of a federal crime of terrorism, it shall be considered to have involved terrorism. If U.S.S.G. § 3A1.4 applies, the offense level is increased by 12 levels or to offense level 32 if the resulting offense level is less than 32. In addition, the Criminal History Category shall be Category VI. The discretionary sentencing range for Offense Level 32, Criminal History Category VI is 210 to 262 months in prison.

## DISCUSSION

SMITH's main argument for the Court's reconsideration of his detention pending sentencing is that the Court erred by applying an erroneous standard—i.e., that terrorist acts carry a presumption of detention. Motion for Reconsideration of Release at 2. However, the Court did not apply 18 U.S.C. § 2332(b), but merely noted that "Mr. Smith's crime is 'serious' and 'after a conviction with this kind of sentence hanging over them, to allow him to have a bond at this time and remand them would be wrong.'" *Id.*

In this regard, nothing has changed since trial. The jury found by special verdict that each of the two offenses of which SMITH was convicted meet the definition of international terrorism under 18 U.S.C. § 2331. As noted above, if an offense involved obstructing the investigation of a federal crime of terrorism, it shall be considered to have involved terrorism. U.S.S.G. §3A1.4. If the Court applies this Guideline as it should, SMITH's sentence would exceed the statutory maximum of 16 years in prison. Even without the clearly applicable terrorism enhancement, SMITH is facing, at a minimum, a sentence of 63 to 78 months under

U.S.S.C. § 2J1.2.  These authorized sentences belie SMITH's argument that his was a "fairly minor offense."

SMITH makes much of the Magistrate Judge's decision to allow him release pending trial and the Government's decision not to appeal this judgment.  But, this was the circumstance while SMITH was legally entitled to the presumption of innocence and was under the delusion that he would never be convicted.  Now, SMITH is a convicted felon facing the very real possibility of the statutory maximum penalty.  It is his burden to show by "clear and convincing evidence" that he is not a risk of flight nor a danger to society.  SMITH's conduct while on supervised release pending trial does not outweigh clearly outweigh his two new felony convictions, let alone his clear plans to travel to Syria himself or to provide material assistance for others to do so.  Nor do his family ties prevent him from fleeing this court's jurisdiction with or without his family.  A possible sentence of 16 years in prison certainly gives him plenty of incentive to do so.  Under these circumstances, the Court was right to remand SMITH and nothing has changed since that judgement was rendered.

Wherefore, SMITH's Motion for Reconsideration of Release should be denied.

Respectfully submitted this 23rd day of April 2019.

R. Andrew Murray
United States Attorney
s/ Michael E. Savage
Assistant United States Attorney
North Carolina Bar Number 33159
Attorney for the Plaintiff
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28211
704/338-3166 (Direct Line)
704/227-0197 (Fax)
mike.savage2@usdoj.go

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all parties and counsel of record by submitting it to the Court's Electronic Filing System.


                //s// Michael E. Savage
                Assistant United States Attorney

.