IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEXANDER SMITH<br><br>    Defendant(s). | DOCKET NO: 3:17 CR 182-MOC<br><br>**<u>RULE 16 NOTICE OF EXPERT TESTIMONY</u>** |

ALEXANDER SMITH ("Mr. Smith"), by and through counsel of record, Kevin A. Tate, Senior Litigator, Federal Public Defenders office, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, hereby gives notice of the defendant's intention to introduce expert testimony through the following person at Mr. Smith's sentencing:

**Dr. STEVAN M. WEINE, M.D.**

Mr. Smith seeks to have Dr. Weine qualified as an expert in *Terrorism Risk Assessment* and opine on the likelihood that Mr. Smith would pose a future risk to commits acts of violence affiliated with Extremism. Specifically, Mr. Smith will elicit the following expert testimony and opinions:

1.  That in light of state-of-the-science models for assessing the risk for violence and involvement in international terrorism, Mr. Smith presents a ***no risk to low risk for violence associated with extremism***. This assessment considers the criminal act committed to determine whether it is of such severity and have sufficient elements of intent to kill or maim, either in fact or by statute, so as to lead logically to a charge of homicide in the vent that physical injury ensued. Additional factors Dr. Weine considered in reaching this conclusion, include:

    a. The fact that there is no evidence that Mr. Smith ever committed to extremist ideology and has never advocated the use of violence. That there exist no evidence in the

record that Mr. Smith has a perceived grievance and or perceived injustice and does not dehumanize those associated with any perceived injustice.

  b. Mr. Smith has never develop any materials related to violent extremism. That there is no evidence that Mr. Smith has any personal contact with anyone associated with violent extremism, aside from the *government's informant* in this case. That, Mr. Smith never expressed an intention or willingness to be part of violent extremism, or willingness to die for any cause.

  c. Mr. Smith made no plans or preparation for acts of violent extremism including any actual plans to travel to Syria. And, Mr. Smith showed no signs of motivation related to perceive religious obligation/glorification, criminal opportunism, camaraderie group belonging, moral obligation, moral superiority, excitement and adventure, or being forced.

  d. Mr. Smith had no early life exposure to violent extremist ideology. The Syrians he knew did not expose him to this type of ideology. He had friends involved from Syria, but none that were known to be promoting violent extremism. That Mr. Smith had no strategic paramilitary or explosive training, or training in extremist ideology that would fit the scientific models for risk of terrorism.

That based on the above scientifically recognized models and combination of factors, Mr. Smith possesses none of the traits that would indicate he is a risk to commit acts of terrorism or other extremist conduct in the future.

    Respectfully submitted,

    /Kevin A. Tate
    KEVIN A. TATE
    Senior Litigation Counsel
    NC Bar # 38548
    Federal Public Defender
    Western District North Carolina
    Counsel for Alexander Smith
    129 West Trade Street, 3rd Floor
    Charlotte, North Carolina 28202 (704) 374-0720
    Fax: (704) 374-0722
    Email: Kevin_Tate @ fd.org

Dated: This 10th Day of March, 2020