UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4270

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALEXANDER SAMUEL SMITH, a/k/a Amir Alexander,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:17-cr-00182-MOC-DSC-1)

Submitted: July 1, 2024                                           Decided: July 16, 2024

Before DIAZ, Chief Judge, and GREGORY and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant. Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2019, a jury convicted Alexander Samuel Smith of two counts of making a false statement to a Federal Bureau of Investigations agent, in violation of 18 U.S.C. § 1001(a)(2). Prior to trial, Smith moved to dismiss Count Two on multiplicity grounds, but the district court denied his motion. On appeal, we reversed the district court's denial of Smith's motion to dismiss Count Two as multiplicitous, affirmed Smith's conviction on Count One, vacated the judgment, and remanded for resentencing. *United States v. Smith*, 54 F.4th 755, 763-75 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023).

On remand, the district court sentenced Smith to 60 months' imprisonment and three years of supervised release. Smith appeals again, arguing that the court erred in applying U.S. Sentencing Guidelines Manual § 3A1.4 (2021), based on its finding that his offense involved, or was intended to promote, a federal crime of terrorism. We affirm.

Rather than review the merits of Smith's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Under this inquiry, "[a] Guidelines error is considered harmless if we determine that (1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *Id.* (internal quotation marks omitted). The error is deemed harmless if we are "certain" that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

At the resentencing hearing, the district court stated that it would have imposed the same 60-month sentence even if it had not applied the challenged Guidelines enhancement. Thus, the first prong of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Turning to the second prong, we "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). When considering the substantive reasonableness of a sentence, we look to "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted). "A sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "[S]uch a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* (cleaned up).

At resentencing, the district court assessed a base offense level of 14 under USSG § 2J1.2(a)—the Guidelines section for obstruction of justice and applicable to Smith's § 1001(a) conviction. The court noted that even if the offense level was not increased to 32 under USSG § 3A1.4, a 12-level increase under USSG § 2J1.2(b)(1)(C) would apply because—as the jury found—Smith's § 1001 offense related to international terrorism. If the court had sustained Smith's objection to the application of the terrorism enhancement

3

in USSG § 3A1.4, his Guidelines range would have been 63 to 78 months' imprisonment, rather than a Guidelines range of 96 months' imprisonment—the statutory maximum term.

We are satisfied that Smith's 60-month sentence is substantively reasonable under the assumed Guidelines range of 63 to 78 months' imprisonment. The district court acknowledged that Smith's convictions stemmed from a sting operation, that he had no criminal history points, and that he had never made firm plans to travel to Syria. The court also commended Smith for caring for seven children and for having performed well in prison. Despite these mitigating factors, the court found that a substantial sentence was necessary to reflect the seriousness of Smith's offense conduct, to protect the public, and to deter others from engaging in similar conduct. We therefore conclude that Smith fails to rebut the presumptive substantive reasonableness of his sentence and that any Guidelines calculation error was harmless.

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*